IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Eddie Ken Crosby, III, | ) | C/A No.: 1:13-825-TMC-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Carolyn W. Colvin, Acting | ) | |
| Commissioner of Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on the motion for entry of judgment with order of remand filed by the Commissioner of Social Security ("Commissioner") pursuant to sentence four of 42 U.S.C. § 405(g). [Entry #20]. Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) and § 1383(c)(3) to obtain judicial review of the final decision ("Decision") of the Commissioner of Social Security ("Commissioner") denying his claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The Commissioner concedes that the Decision contains reversible legal error and seeks remand of the case for further administrative proceedings. [Entry #20-1 at 5–9]. Plaintiff opposes the motion and argues that outright reversal, rather than remand, is warranted in this matter. [Entry #22].

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(a) (D.S.C.). Because the pending motion is dispositive, this report and recommendation is entered for

the district judge's consideration. For the reasons that follow, the undersigned recommends the district court grant the Commissioner's motion and enter a judgment with order of reversal and remand of the cause to the Commissioner for further administrative proceedings.

I.    Relevant Background and Procedural History

On April 8, 2010, Plaintiff filed applications for DIB and SSI in which he alleged his disability began on September 9, 2005. Tr. at 125–30. His applications were denied initially and upon reconsideration. Tr. at 51–58. On May 20, 2011, Plaintiff had a hearing before Administrative Law Judge ("ALJ") Linda Haack. Tr. at 26–49 (Hr'g Tr.). At the hearing, Plaintiff amended his alleged onset date to June 1, 2007. Tr. at 30. The ALJ issued a partially unfavorable decision on June 24, 2011, finding that Plaintiff became disabled on November 1, 2010, but was not disabled as of June 20, 2010, his date last insured. Tr. at 12–21. Subsequently, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner for purposes of judicial review. Tr. at 1–3. Thereafter, Plaintiff brought this action seeking judicial review of the Commissioner's decision in a complaint filed on March 27, 2013. [Entry #1].

II.    Discussion

In his initial brief, Plaintiff asserts that the ALJ erred in finding that Plaintiff did not have an impairment that met or medically equaled an impairment listed at 20 C.F.R. pt. 404, subpt. P, app. 1 ("the Listings"). [Entry #15 at 8–12]. Plaintiff further asserts that the ALJ's RFC analysis does not rest on substantial evidence. *Id.* at 12–13. The

Commissioner concedes that the ALJ's determination of whether Plaintiff had an impairment that met Listing 12.05 (mental retardation) was deficient. [Entry #20-1 at 3]. The Commissioner also concedes that the ALJ failed to adequately explain why she found Plaintiff disabled as of November 1, 2010, but not before. *Id.* at 7–8. The parties disagree over the appropriate remedy in light of the ALJ's errors. The Commissioner seeks remand for further administrative proceedings, and Plaintiff seeks reversal and remand for an award of benefits.

Listing 12.05 states in relevant part:

12.05 Intellectual disability: Intellectual disability refers to significantly subaverage general intellectual functioning with deficits in adaptive behavior initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22. The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.

. . .

B. A valid verbal, performance, or full scale IQ of 59 or less . . . .

20 C.F.R. pt. 404, Subpart P, App. 1, § 12.05.

The ALJ found that Plaintiff did not meeting Listing 12.05 because school testing performed in 1998 resulted in a diagnosis of mild mental deficiency, rather than of mental retardation. Tr. at 15. The ALJ also noted evidence indicating that Plaintiff was an excellent reader, was helpful to other students, was able to obtain a driver's license and drive, and performed substantial gainful activity in work that required at least a minimal level of reading. *Id.*

The Commissioner concedes that the ALJ did not adequately address the opinion of Mark McClain, Ph.D, who examined Plaintiff on May 3, 2011, at the request of the state agency, assigned Plaintiff a full scale intellectual quotient ("IQ") score of 43, and diagnosed him with mild mental retardation. [Entry #20-1 at 4; *see also* Tr. at 343–47]. As Plaintiff points out, the record also contains a psychological evaluation report completed on March 19, 1998, when Plaintiff was 14 years old. Tr. at 210–14. Based on intelligence testing, the examiner found that Plaintiff had a full scale IQ score of 56. *Id.* at 211. The examiner noted that the score was consistent with testing in 1995 resulting in a full scale IQ score of 53. *Id.* at 210–11.

Despite these test results, the Commissioner argues that the record contains conflicting evidence about whether Plaintiff demonstrated deficits in adaptive behavior during the developmental period as required by Listing 12.05. [Entry #20-1 at 6–7]. The Commissioner refers to evidence indicating that Plaintiff could read, write, add, and subtract "a little"; received a driver's license; drove every other day; performed housework; independently cared for his personal needs and performed activities of daily living; and had worked several jobs including as a warehouse clerk, mail clerk, and customer service representative. [Entry #23 at 4 (citing Tr. at 31–32, 36–37, 283, 285–87, 343–47)]. In response to the Commissioner's adaptive behavior argument, Plaintiff states, without citation, that he was in special education, had never lived independently, and had never been successful at work. [Entry #22 at 1].

Plaintiff seeks outright reversal; however, where legal error underlies the administrative action, the appropriate remedy is generally a remand to the agency for

further proceedings. *See, e.g., INS v. Ventura*, 537 U.S. 12, 16 (2002) (stating that, when a court sitting in an appellate capacity reverses an administrative agency decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation") (internal quotations omitted).    While Plaintiff has demonstrated an IQ within the range required under Listing 12.05B, a factual dispute remains over whether he has demonstrated the requisite deficits in adaptive behavior to satisfy the first paragraph of the Listing.    Accordingly, the undersigned concludes that remand, rather than reversal with a directive to award benefits, is the proper course.

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends the Commissioner's motion for entry of judgment with order of remand [Entry #20] be granted and this matter be remanded pursuant to sentence four of 42 U.S.C. §§ 405(g).  The undersigned further recommends that, on remand, the ALJ be directed to assess whether Plaintiff meets Listing 12.05B in light of all relevant evidence and, if necessary, to call on the services of a medical expert to determine Plaintiff's onset of disability.

IT IS SO RECOMMENDED.

February 26, 2014                          Shiva V. Hodges
Columbia, South Carolina                   United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).