IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Eddie Ken Crosby, III, | ) | |
| | ) | C/A No. 1:13-825-TMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Carolyn W. Colvin, Acting | ) | |
| Commissioner, Social Security | ) | |
| Administration,[1] | ) | |
| | ) | |
| Defendant. | ) | |

On April 18, 2014, Plaintiff Eddie Ken Crosby ("Crosby") filed a motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, on the basis that he was the prevailing party and the position taken by the Commissioner in this action was not substantially justified. (ECF No. 27). The Commissioner responded on May 5, 2014, stating she did not object to Crosby's request for attorney's fees. (ECF No. 28).

Under the EAJA, a court shall award attorney's fees to a prevailing party in certain civil actions against the United States, unless it finds that the government's position was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A).[2] The

---

[1] Carolyn W. Colvin became the Acting Commissioner of the Social Security Administration on February 14, 2013. Pursuant to Fed.R.Civ.P.25(d), Colvin should be substituted for Michael J. Astrue as the Defendant in this action.

[2] A party who wins a remand pursuant to sentence four of the Social Security Act, 42 U.S.C. § 405(g), is a prevailing party for EAJA purposes. *See Shalala v. Schaefer*, 509 U.S. 292, 300–302 (1993). The remand in this case was made pursuant to sentence four.

district courts have discretion to determine a reasonable fee award and whether that award should be made in excess of the statutory cap. *Pierce v. Underwood,* 487 U.S. 552 (1988); *May v. Sullivan*, 936 F.2d 176, 177 (4th Cir. 1991).

The district courts also have broad discretion to set the attorney fee amount. In determining the fee award, "[e]xorbitant, unfounded, or procedurally defective fee applications . . . are matters that the district court can recognize and discount." *Hyatt v. North Carolina Dep't of Human Res.*, 315 F.3d 239, 254 (4th Cir. 2002) (citing *Comm'r v. Jean*, 496 U.S. 154, 163 (1990)). Additionally, the court should not only consider the "position taken by the United States in the civil action," but also the "action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D), as amended by P.L. 99-80, § 2(c)(2)(B).

Applying this standard, the court concludes that the Commissioner's position was not substantially justified., and, in fact, the Commissioner requested and was granted a remand. Therefore, after a thorough review of the record in this case, the court finds that Crosby has made a proper showing under the EAJA and, therefore grants his motion for attorney's fees.

Crosby seeks an hourly rate in excess of $125 per hour to adjust for an increase in the cost of living allowance. Specifically, Crosby seeks an award of $177.91 per hour for 1.40 attorney hours ($249.07 for the year 2011); $184.76 per hour for 10.00 hours ($1,847.60 for the year 2013); and $187.53 per hour for 2.10 attorney hours ($393.81 for the year 2014) for a total of $2,490.48. The Commissioner has not objected to Crosby's calculation of the hourly rate and the court finds the calculation reasonable.

Based on the foregoing, and after considering the briefs and materials submitted by the

parties, the court orders that Crosby be awarded $2,490.48 in attorney's fees.[3]

**IT IS SO ORDERED.**

                                      s/Timothy M. Cain
                                      United States District Judge

May 7, 2014
Anderson, South Carolina

---

[3] The court notes that the fees must be paid to Plaintiff. *See Astrue v. Ratliff*, 560 U.S. 586 (2010) (holding that the plain text of the EAJA requires that attorney's fees be awarded to the litigant, thus subjecting EAJA fees to offset of any pre-existing federal debts); *see also Stephens v. Astrue*, 565 F.3d 131, 139 (4th Cir. 2009) (same).