IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Eddie Ken Crosby, III, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 1:13-cv-0825-TMC |
| | ) | |
| vs. | ) | |
| | ) | |
| Andrew M. Saul,[1] Commissioner of Social Security Administration, | ) ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on Plaintiff Eddie Ken Crosby, III's motion for attorney's fees pursuant to the Social Security Act, 42 U.S.C. § 406(b). (ECF Nos. 33; 38). Plaintiff seeks an award of attorney's fees in the amount of $12,567.00, which Plaintiff contends represents 25% of the back benefits awarded to Plaintiff. (ECF No. 33 at 1–2; 33-1 at 2, 4). The Commissioner has filed a response informing the court that he does not object to Plaintiff's motion for fees. (ECF No. 34).

Pursuant to *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002), in reviewing a request for attorney's fees under § 406(b), a court must look first to the contingent fee agreement and assess its reasonableness. A reduction in the contingent fee may be appropriate when (1) the fee is out of line with the character of the representation and the results achieved; (2) counsel's delay caused past-due benefits to accumulate during the pendency of the case in court, or (3) past-due benefits are large in comparison to the amount of time counsel spent on the case. *Id.*

---

[1] On June 17, 2019, Andrew M. Saul became the Commissioner of Social Security. Pursuant to Fed. R. Civ. P. 25(d), he is automatically substituted as the defendant in this action. *See also* 42 U.S.C. § 405(g) (providing that action survives regardless of any change in the person acting as the Commissioner of Social Security.

Based upon a review of the petition and these factors, the court finds that an award of $12,567.00 is reasonable. Pursuant to a contingency fee agreement, Plaintiff agreed to pay counsel twenty-five percent (25%) of any past-due benefits. (ECF Nos. 33 at 1; 33-2). Plaintiff was awarded $50,268.00 in back benefits, and twenty-five percent (25%) of this award, or $12,567.00, was withheld for attorney's fees. (ECF Nos. 33-3 at 2; 38 at 2). In compliance with 42 U.S.C. § 406(b)(1)(A), counsel's requested total fee does not exceed twenty-five percent (25%) of the past-due benefits. Furthermore, the requested attorney's fee is reasonable given the hours counsel expended working on this matter at the court level. (ECF Nos. 33-1 at 2; 33-4). *See Wrenn v. Astrue*, 525 F.3d 931, 937 (10th Cir. 2008) (noting that under § 406(b) the court makes fee awards only for work done before the court). Additionally, Plaintiff's counsel achieved a successful result without any unreasonable delay. In light of counsel's specialized skill in social security disability cases, the attorney's fee award does not amount to a windfall. *Cf. Brown v. Barnhart*, 270 F.Supp.2d 769, 772–73 (W.D. Va. 2003).

Therefore, based on the foregoing, Plaintiff's motion for attorney's fees (ECF No. 33) is **GRANTED**, and Plaintiff is awarded a total of $12,567.00 in attorney's fees.[2]

**IT IS SO ORDERED.**

s/ Timothy M. Cain
United States District Judge

April 14, 2021
Anderson, South Carolina

---

[2] "Fee awards may be made under both [EAJA and § 406(b)], but the claimant's attorney must refund to the claimant the amount of the smaller fee[,] . . . up to the point the claimant receives 100 percent of the past-due benefits." *Gisbrecht*, 535 U.S. at 796 (internal quotation marks and citation omitted). Plaintiff was previously awarded $2,490.48 in attorney's fees under the EAJA in this action. (ECF No. 32). Accordingly, Plaintiff's counsel is to refund to the Plaintiff the previously ordered EAJA fees of $2,490.48 immediately after he receives the payment of the § 406(b) fees.